WILLIAM P. WINTER, Guardian of AMELIA L. and
CORA WINTER *vs.* ANN M. GORSUCH, and others.

*Where the Premises and Habendum in a Deed are Repugnant,*
*the Premises shall prevail—Demurrer to a Bill of Complaint.*

A deed set forth in the premises, that in consideration of the sum of
five dollars, and of the natural love and affection which the said
H. N. has for his daughter, A. R. W., the wife of W. P. W., the
said H. N. doth grant and assign unto the said A. R. W., her per-
sonal representatives and assigns, separate and apart from her said
or any future husband, certain leasehold property, which is de-
scribed; and in the *habendum*, that the said A. R. W. is to have
and to hold the hereinbefore described property for and during her
natural life, and at her death, then the said property to go and
descend to her children by her present or any future husband, and
their descendants in equal shares *per stirpes;* but in case there
should be no children, child or descendants of the said A. R. W.
that shall survive her, then the said property to revert to and
become vested in the other child, children or their descendants of
the said H. N., that may be alive at the death of the said A. R. W.,
in equal proportions, as the heirs of the said H. N. *per stirpes*, and
not *per capita.* HELD, on a demurrer to a proceeding, on behalf
of the children of A. R. W., to sell the property:

1st. That the limitations in the *habendum* clause must be rejected, and
the absolute estate granted by the premises to the daughter must
prevail.

2nd. That as the children took no interest under the deed they could
not sustain their bill, and that as the deed was referred to, and
made a part of the bill, its construction and effect were for the
Court, and the question was properly presented by a demurrer to
the bill.

APPEAL from the Circuit Court of Baltimore City.

This was a proceeding in equity by the appellant, as
guardian of the infant children of himself and Emma R.
Winter his wife, to obtain a decree for the sale of certain

leasehold property, in which, it was claimed, the children had an estate in remainder after a life estate of the wife, by virtue of a deed from one Henry Newman to the said Emma (misnamed Amaryllis in the deed.) The terms of this deed are set forth in the opinion of the Court. In the bill of complaint the appellees were made defendants and were alleged to be the owners, by purchase and conveyance, of the interest of Emma R. Walker (still living) in the property.

The defendants demurred to the bill; and from the order of the Court below (GILMOR, J.,) sustaining this demurrer, the complainant appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted for the appellees.

*Victor Smith*, for the appellant.

The demurrer in this case filed should not be sustained, because the bill sets forth on its face a state of facts which, if true, will entitle complainant to the relief sought, and whether or not the exhibits filed sustain the allegations of the bill, are matters of fact to be decided by the Court at the final hearing, and are not matters of law appearing on the face of the bill. *Carroll vs. Waring*, 3 *G. & J.*, 491; *Barroll's Ch. Pr.*, 111.

Admitting for the sake of argument, that the construction of the deed in question in this case, being complainant's exhibit, can be brought up on a demurrer, the deed conveys the life estate to Amaryllis Winter, and an estate in remainder to complainant's wards. A deed which, in the granting part, conveys an estate of inheritance to A, may, by the *habendum*, limit the estate to him for life, when, from the whole deed, it is clear that A was to have only a life estate. *Hammond's Lessee vs. Brice*, 1 *H. & McH.*, 322; 9 *G. & J.*, 77; 3 *H. & J.*, 329; *Varnum*

*vs. Thruston,* 17 *Md.,* 471; *Carroll vs. Granite Co.,* 11 *Md.,* 411.

In this case the intention of the grantor was to secure the property to said Amaryllis Winter, and to her children after her death, free from any debts of her husband, and, as far as the children were concerned, free from debts of said Amaryllis Winter. The *habendum* clause is not repugnant to the premises, but in point of fact is explanatory, and can be reconciled. The intention of the grantor is a matter of evidence, and not a question of law to be raised on demurrer.

The confirmatory deed can in no manner change the estate that had already vested by the first deed. *Erken vs. McAllister,* 45 *Md.,* 290.

*John S. Tyson,* for the appellees.

It is presumed that the complainant intended to claim relief under the Act of 1862, ch. 156, amended and re-enacted by the Act of 1868, ch. 273, which authorizes a Court of equity, pending an estate for life, if it shall appear to be advantageous to the parties concerned, and if all the parties in being are parties to the proceeding, to decree a sale upon the application of any of the parties in interest, and to direct the investment of the proceeds of sale, so as to enure to the use of the same parties who would be entitled to the land sold.

In support of the demurrer, it is contended that the appellant has failed, in every particular, to bring his case within the provisions of this Act. A sale can only be decreed upon the application of a party in interest. The children of Emma R. Winter have no interest in the property. The grantor, by the *premises* of the deed, conveyed the whole leasehold interest to Emma R. Winter, " *her personal* representatives and assigns." The *habendum* to her *for life* is, therefore, void. *Budd vs. Brooke,* 3 *Gill,* 198; *Farquharson vs. Eichelberger,* 15 *Md.,* 72.

This rule of construction is not in conflict with the principle that in construing a deed, all parts of it must be looked at to ascertain the intention. Here there is an irreconcilable contradiction between the *premises* and the *habendum*. One must yield, and the rule is that the *habendum* must yield.

MILLER, J., delivered the opinion of the Court.

In defining the office and effect of the *habendum clause* in a deed, BLACKSTONE, in his Commentaries (*Book* 2, *page* 298,) after stating that it cannot totally contradict or be repugnant to the estate granted in the *premises*, puts an illustration of such repugnancy thus: "If a grant be to one and *his heirs* in the premises, *habendum* to him *for life*, the *habendum* will be utterly void, for an estate of inheritance is vested in him before the *habendum* comes, and shall not afterwards be taken away by it," and for this the authority of Lord COKE, found in the third resolution in *Baldwin's Case*, 2 *Rep.*, 23, and in *Earl of Rutland's Case*, 8 *Rep.*, 56, is cited. In the notes to *Baldwin's Case*, found in *Thomas'* edition of the *Reports*, other authorities sustaining the same position, are referred to, and it is there said: "This doctrine proceeds upon the principle that where there are two clauses in a deed repugnant to each other, the first shall prevail, *Leicester vs. Biggs*, 2 *Taunt.*, 113 ; and every deed is expounded most strongly against the grantor and most for the advantage of the grantee, and therefore the grantee shall take by the premises if that be most beneficial for him and not by the *habendum*, and the grantor shall not be allowed by any subsequent part of the deed to retract the gift made in the premises : *post*, 8 *Co.*, 54 *b ;* 1 *Inst.*, 299 *a*, and 2554." More recently the same doctrine was affirmed in *Goodtitle vs. Gibbs*, 5 *Barn. & Cress.*, 709. In that case the distinction as to the effect of the *habendum* in deeds in which the premises expressly mention an estate or interest, and in

those in which the premises merely describe the tene-
ments but do not mention any estate or interest, is noticed,
and with respect to the former, ABBOTT, C. J., says: "On
the other hand, if an estate or interest be mentioned in
the premises, the intention of the parties is shown, and
the deed may be effectual without any *habendum*, and if
an *habendum* follow which is *repugnant to the premises*, or
contrary to the rules of law and incapable of a construc-
tion consistent with either, the *habendum* shall be rejected,
and the deed stand good upon the premises." He then
refers to the case of *Jarman vs. Orchard*, in which one
Thomas Nicholas, being possessed of a barn, cottage and
land as assignee of a lease for a thousand years, did, by
indenture, reciting the lease, and expressed to be in con-
sideration of natural love to his grand-daughter and for
other good causes and considerations, grant, assign and
set over to his grand-daughter, Mary, *her executors, admin-
istrators and assigns,* the said cottage, barn and lands,
*habendum,* the same, to the said Mary, her executors, ad-
ministrators and assigns, *from and after the decease of the
said Thomas Nicholas and his wife,* for the residue of the
term. And it was contended the deed was void because it
conveyed an interest which was to commence only after
the death of Nicholas, as it was apparent *he did not mean*
to part with his interest in the term *during his own life,*
and so the Court of King's Bench held, but this judgment
was reversed in the Exchequer Chamber, and the reversal
affirmed in Parliament; "and the ground of the reversal
was that the *entire residue* of the term passed by the
premises of the deed and the *habendum* was void."

Again, Chancellor KENT (4 *Kent's Com.*, 468,) states the
proposition very clearly and tersely, that the *habendum*
"cannot perform the office of devesting the estate already
vested by the deed; for it is void if it be repugnant to the
estate granted." The same doctrine has been recognized
and adopted by express decisions of this Court. Thus in

*Budd vs. Brooke,* 3 *Gill,* 196, the premises of a grant by
patent gave the grantees the same interests they held
under a will which was recited, whereas the *habendum*
gave them an estate in fee as joint tenants, and the two
being in conflict, the Court held the one must overrule the
other, and that the limitation contained in the *habendum*
must be rejected, and the estates given in the premises
must prevail. The decision was placed by the Court upon
the ground that "where there are two clauses in a deed
of which the latter is contradictory to the former, the
former shall stand," and "where the *habendum* is repug-
nant and contrary to the premises it is void, and the
grantee shall take the estate given in the premises. This
is a consequence of the rule already stated that deeds shall
be construed most strongly against the grantor; therefore
he shall not be allowed to contradict or retract by any
subsequent part of the deed the gift made in the premises."
So in *Farquharson vs. Eichelberger,* 15 *Md.,* 63, the terms
of the grant in the premises were sufficient to pass the
*real* as well as the personal estate of the grantor, and it
was contended that by the *habendum* the grant was re-
stricted to personal effects. But in answer to this conten-
tion, the Court cited and adopted the language of the pre-
vious decision in *Budd vs. Brooke,* and held that the *real
estate* passed by the terms of the grant in the premises.
There is no conflict between these decisions and that of
*Mims vs. Armstrong, Cator & Co.,* 31 *Md.,* 87. The latter
was simply a case in which the enumeration of property
in a *schedule* attached to and made part of the conveyance
was held to control *the more general words of description*
contained in the granting clause of the deed.

We must therefore apply the doctrine thus long estab-
lished and supported by the highest authority, to the deed
of the 9th of October, 1858, under which the appellants
claim an interest in the *leasehold property* which that deed
conveys. It is a deed executed by Henry Newman, by

which, in consideration of the sum of five dollars, and the natural love and affection which he has for his daughter, Amaryllis Rebecca Winter, the wife of William P. Winter, he "the said Henry Newman, doth grant and assign unto the said Amaryllis Rebecca Winter, *her personal representatives and assigns,* separate and apart from her said or any future husband," certain leasehold property which is described, "the said Amaryllis Rebecca Winter to *have and to hold* the hereinbefore described property *for and during her natural life,* and at her death the said property to go and descend to her children by her present or any future husband and their descendants in equal shares *per stirpes;* but in case there should be no children, child or descendants of the said Amayllis Rebecca Winter *that shall survive her,* then the said property to *revert to and become vested in* the other child or children or their descendants of the said Henry Newman, *that may be alive at the death* of the said Amaryllis Rebecca Winter, in equal proportions, *as the heirs* of the said Henry Newman, *per stirpes* and not *per capita.*" Here then by the premises of this deed an unqualified and absolute interest is given to the daughter, and by the *habendum* that interest is cut down to a *life estate* with contingent limitations to her children and the heirs of the grantor. The repugnancy and conflict between the two is apparent and irreconcilable, and, in our opinion, there could not be a plainer case for the application of the doctrine above stated. The limitations in the *habendum clause* must therefore be rejected, and the absolute estate granted by the premises to the daughter must prevail. It follows that as these complainants, the children of Mrs. Winter, take no interest under this deed, they cannot sustain their bill. The deed is referred to and made part of the bill. Its construction and effect is for the Court, and that question is, we think, properly presented by a demurrer to the bill. The order sustaining the demurrer and dismissing the bill must therefore be affirmed.

That no *actual intention* of the grantor has been violated by the construction we have placed on this deed is apparent from the deed by the same party of the 13th of December, 1860, which is called in the bill a confirmatory deed, and is referred to for the purpose of showing that Amaryllis R. Winter is the same person as Emma R. Winter mentioned in the bill and one of the defendants thereto. In this latter deed, the grantor recites that it was his intention by the first deed to give his daughter an absolute interest in the property without remainder or interest therein of any description to her children or the children of the grantor, and that such provisions were inserted in that deed by mistake and without any intent to do so on the part of either of said parties, and that the purpose of the present deed is to correct these mistakes and to confirm the property to the said Emma R. Winter absolutely. The deed then conveys the property to " the said Emma R. Winter, her personal representatives and assigns."

*Order affirmed.*