Lemen *vs.* McComas & Downey.

(Decided 6th February, 1885.)

Thomas J. Lemen *vs.* Louis F. McComas, and Kate C. Downey.

*Construction of a Will—Married Woman—Equitable fee—Legal fee—Subject of Alienation—Technical breach of Trust—Estoppel.*

The will of a testator contained the following clause: "I give and bequeath to my son W. T. hereinafter named, and his heirs, the following property in trust for my beloved daughter S. C., wife of P. H. C., and her heirs, that is to say," (describing the property, it being real estate in Maryland.) "The said W. T. is to hold the aforesaid property in trust as aforesaid, for and during the life of the said P. H. C., the rents and profits thereof, after paying thereout of taxes, repairs and other expenses by the trustee, to be paid in the meantime to the said S. C. and her heirs, for her and their separate use, and after the decease of the said P. H. C., the whole of the aforesaid property herein devised, is to vest in and belong to the said S. C. and her heirs, in her or their own right forever." S. C. and the trustee, the husband of S. C. also uniting, made a deed in fee of part of the property devised, which was afterwards mortgaged by a person deriving title under said deed. Under a power contained in the mortgage the property was sold. On exceptions to the sale filed by the purchaser, it was HELD :

Lemen *vs.* McComas & Downey.

1st. That during the life of her husband, S. C. took an equitable fee under said will, whilst the trustee took the legal fee, in trust for her and her heirs, until the husband's death.

2nd. That at the death of her husband the trust immediately was to end, and S. C. was to take the legal fee.

3rd. That the estate which S. C. took during the life of her husband, was the subject of alienation.

4th. That the legal fee was in the trustee, and was alienable; although it were a technical breach of trust, and might not discharge the trustee from his liability.

5th. That as S. C. united in the deed, and participated in the breach of trust, if it were such, the title passed.

6th. That in the face of her deed, neither S. C. nor any one claiming under her could ever claim the property because of the breach, and the purchaser's title under the mortgage sale was unassailable.

APPEAL from the Circuit Court for Washington County, in Equity.

The case is stated in the opinion of the Court. The mortgage under which the sale excepted to was made, was executed by parties who derived their title under a deed in fee from William Towson, trustee under the will of the testator in this case, and Philip H. Coakley and Sarah Coakley his wife, they being the persons named in the clause of the will of said testator, which is set out at length in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Alexander Armstrong,* for the appellant.

*Frederick F. McComas,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The appellant was purchaser at a sale made by the appellees under a power of sale in a mortgage, and objected to the ratification of the sale, on the ground that

the mortgagors did not have a good title. His exceptions having been overruled by the Circuit Court for Washington County, he has appealed. The only question in this case is what title the second clause of the will of Jacob T. Towson, gave his daughter Sarah Coakley? The will reads thus: "I give and bequeath to my son, William Towson, hereinafter named, and his heirs, the following property in trust for my beloved daughter, Sarah Coakley, wife of Philip H. Coakley of Baltimore, and her heirs, that is to say, the farm lying in Washington County, State of Maryland, on the Potomac River, now in possession of one Jacob Dellinger, and containing four hundred and forty-six acres, more or less, together with all the improvements and appurtenances thereto belonging; also all that new brick house in the town of Williamsport and county and State aforesaid, situate upon the north east corner of Potomac and Conococheague streets, and now occupied in part by the Washington County Bank, and in part by Dr. Samuel Weisel, together with so much of the lot on which it stands, and of such outhouses as have been, or are now attached to and rented with it. The said William Towson is to hold the aforesaid property in trust as aforesaid, for and during the life of the said Philip H. Coakley, the rents and profits thereof, after paying thereout of taxes, repairs and other expenses by the trustee, to be paid in the meantime to the said Sarah and her heirs, for her and their separate use, and after the decease of the said Philip H. Coakley, the whole of the aforesaid property herein devised, is to vest in and belong to the said Sarah and her heirs, in her or their own right forever."

The question presented seems to us free from difficulty. The suggestion, that under this will Mrs. Coakley took only a life estate finds no support, we think, in the language of the will. During the life of her husband, Mrs. Coakley certainly took an equitable fee, whilst the trustee took the legal fee in trust for her and her heirs, until the

husband's death. At the death of her husband the trust immediately was to end, and Mrs. Coakley was to take the legal fee. Pending the life of her husband, Mrs. Coakley took only the equitable fee; but she took in reversion the absolute fee at her husband's death. By the express language of the will, during her husband's life, the trust or equitable estate which she took was a separate estate, and there is no restraint put upon her in respect to anticipation or alienation. Such an estate is, beyond doubt, the subject of alienation. *Hulme vs. Tenant,* 1 *White and Tudor's Leading Cases in Equity,* 679; *Cooke vs. Husbands, et al.,* 11 *Md.,* 503. In the case of *Cooke vs. Husbands, et al.,* this Court adopted the language of Lord THURLOW in *Hulme vs. Tenant,* wherein he says, " there is an unbroken current of decisions, that a *féme covert,* with respect to her separate property or estate, is to be regarded in equity as a *féme sole,* and may dispose of her property without the concurrence of her trustee, unless specially restrained by the instrument under which she acquires her separate estate." The Court further says, that it is "on the principle that the *jus disponendi* accompanies the property," when there is no restraint imposed in terms, "or by the manifest intent of the instrument." In the leading case of *Taylor vs. Meads,* 34 *L. J. N. S. Ch.* 203, (and 1 *White & Tudor's Cases in Equity,* 686,) Lord Chancellor WESTBURY, in discussing the question whether a married woman has the same power of disposition over the separate estate given in trust *to her and her heirs,* as if she were sole, says: " The whole matter lies between a married woman and her trustees, and the true theory of her alienation is, that any instrument, be it deed or writing, when signed by her, operates as a direction to the trustees to convey or hold the estate according to the new trust which is created by such direction. This is sufficient to convey the *féme covert's* equitable interest. When the trust created is clothed by the trustees with the legal estate, *the alienation is complete both at law and equity.*" He adds that

Lemen *vs.* McComas & Downey.

"equity follows the law, and preserving the analogy between legal and equitable estates, requires that the equitable estate of the married woman be dealt with *inter vivos* in the same manner as a legal estate." In this case the conveyance was made of both legal and equitable estate, by deed duly executed and acknowledged according to law, by Mrs. Coakley, and the trustee, *Mr. Coakley, the husband, also uniting therein.* The legal fee was in the trustee, and that this was alienable is not only shown by the last cited decision, but it is laid down in *Perry on Trusts, secs.* 274 and 321, as alienable, although it be a technical breach of trust, and may not discharge the trustee from his liability. Here Mrs. Coakley united in the deed and participated in the breach of trust, if it be one, and thereby, according to the authority quoted, the title passed. It is "on the principle that she can dispose of her separate property, she renders it liable by concurring with her trustees in a breach of trust, unless she is restrained from anticipation." 1 *White & Tudor, (L. C. E.,)* 689, and cases there cited. Mrs. Coakley only had the beneficial interest. She only would be entitled to complain of the breach of trust, and she is clearly estopped, by participation, from complaining. In the face of her deed, neither she, nor any one claiming under her, could ever claim the property because of the breach. In the language of Lord WESTBURY, speaking of such condition of things, "the alienation is complete." We think the purchaser's title under the mortgage sale in this case unassailable, on the grounds assigned, and the order appealed from will be affirmed.

> *Order affirmed, and*
> *cause remanded.*

(Decided 12th February, 1885.)

STONE, J., dissented.