(Decided March 25th, 1896).

JAMES S. RIDGELY ET AL. *vs.* LAURA V. CROSS AND JOHN W. CROSS.

*Execution of Power—Reservation of Equitable Life Estate with Power to Convey in Fee—Construction of Deeds.*

Where the donee of a power to sell land has also an interest in his own right in the land, a conveyance of the same by him not appearing either expressly or impliedly to be made in execution of the power will be held to pass his interest only, but when the donee of the power has no interest in the land in his own right, his conveyance thereof without reference to the power will be construed to be in execution of the same, because otherwise such conveyance would be ineffectual.

The owner of certain land conveyed the same to a trustee for the use of the grantor's wife for life, with equitable remainder to the grantor for life if he survived, and limitation over to two named daughters of the grantor in fee. The deed provided that it should be lawful for the grantor and his wife to sell the land or any part thereof for such price as they during their joint lives, or he in case he survived, might think proper, and convey the same discharged from the trust. Subsequently the grantor and his wife and the heir at law of the trustee executed a deed, not referring to the power, by which they conveyed to S. and wife (the latter being one of the said daughters of the grantor) "all the right, title or interest we may have either jointly

or severally" in the said land, to hold in fee-simple, provided that S. and wife should board and maintain the grantor and his wife during their lives, and in case of a failure so to do, "the said described property shall revert back to them or either of them" during their lifetime.    After the death of the original grantor and wife, a bill was filed by the other daughter to whom the remainder after the life estates was limited to vacate the conveyance to S. and wife, and certain conveyances by them to other parties of parts of the land so far as the title of the complainant to one-half of the same might be affected.    *Held*,

1st. That the deed to S. and wife was not an execution of the power reserved in the original deed creating the trust, since it did not profess to be in execution of the power, and because the grantors had life estates in the property upon which it could operate, and because it was intended to convey only the right, title and interest of the grantors in the land.

2nd. That the use of the term "fee-simple" in the deed to S. and wife cannot be held to enlarge the estate conveyed, the grant being confined by its terms to the equitable life interests of the grantors.

3rd. That the plaintiff was entitled to one undivided half of the land, under the limitation contained in the original deed of trust.

Appeal from a decree of the Circuit Court for Howard County.   After the execution of the deed of trust from Samuel Ridgely and wife to James S. Ridgely and Georgeanna, his wife, which is set forth in the opinion of the Court, the latter made conveyances of portions of the land to parties who are, with them, appellants in this case.   In February, 1895, Laura V. Cross and her husband, the appellees, filed a bill asking that these conveyances be vacated, and alleging that she was entitled to one-half of the land under the limitation to her contained in the deed of March 5, 1860, mentioned in the opinion of this Court.   The Court below (JONES, J.), made a decree declaring that all the conveyances executed after the deed of trust of March 5, 1860, were null and void "so far as the same may interfere with or in any manner affect the right, title and claim of the complainant, Laura V. Cross, in and to the one undivided half part of the land mentioned in said several deeds," etc.   From this decree the present appeal was taken.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*John J. Donaldson* for the appellants.

1. The deed of March 13, 1876, was a valid execution of the power contained in the deed of trust, because, while it did not refer to the power itself, it embraced the object thereof, namely, all the land. *Morcy* v. *Michael*, 18 Md. 227 ; *Society* v. *Clendinnen*, 44 Md. 435 ; *Goodman* v. *Stockett*, 47 Md. 54 ; *Benesch* v. *Clark*, 49 Md. 497 ; *Foss* v. *Scarff*, 55 Md. 308 ; *Gaither* v. *Williams*, 57 Md. 635 ; *Cooper* v. *Haines*, 70 Md. 282. And even if it were not valid upon this ground, it would be valid on the alternative ground that the latter deed would be ineffectual to convey the object of the power, viz., the land, except by virtue of the power. (See cases above cited). Even if it could be assumed that the deed of March 13, 1876, was made for the express purpose of defeating those in remainder, yet that would not make it the less valid. *Berre* v. *Hoffmeister*, 23 Beav. 101 ; *Butcher* v. *Jackson*, 14 Sim. 444 ; *Fearon* v. *Debrisay*, 14 Beav. 641.

As was said by Romilly, M. R., in the first of these cases, " provided the power is in other respects well executed, the fact that it is executed to defeat those in remainder is not any ground for avoiding the execution." It is respectfully submitted that, in the opinion of the lower Court, the statement that the deed of March 13, 1876, does not refer to, nor deal with the subject of the power, is an erroneous one, founded upon the mistaken interpretation of the words " subject of a power " in the authorities referred to by the Court. These words, as used in those authorities, and in all the authorities upon this branch of the law of powers, refer not to an estate or interest, but to the *land* itself. That this is so, is shown by the application of the doctrine to cases where the power is a mere naked one, and in them it has been held that the reference to the land itself was quite as effectual as a reference to the power. *4 Greenleaf's Cruise, &c.*

(1850 ed.), 249 ; 1 *Leake, Real Prop.* 408 ; 1 *Sugden on Powers*, 373, 393, 409, 410. And so even where there is also an interest in the donee of the power. 1 *Sugden on Powers*, 433, 437, 440.

As to the third branch of the rule referred to by the lower Court in its opinion, namely, that which holds a deed a good execution of a power, where it would be ineffectual without a resort to the power, the Court is only able to ignore this by rejecting the term "*fee-simple*" in the deed. As to the rejection of this phrase, something will be said later. Unless it is rejected, the deed can only operate as an execution of the power, and comes directly within the rule from *Farwell on Powers*, 192, cited by the Court earlier in its opinion. The fact that the donees of the power had an alienable interest makes no difference here, for as Sugden says (in the last citation), " where a man has both a power and an interest, and he creates an estate which will not have an effectual continuance in point of time if it be fed out of his interest, it shall take effect by force of the power."

2. With regard to the rejection by the Court below of the term " fee simple," it is to be noted that the Court says in its opinion, that " the deed was inartificially drawn, and the term was probably used inadvisedly, and without reference to its technical significance." It is respectfully submitted that where parties in legal instruments use legal terms, they are taken to use them in their legal sense and in none other ; and so well is the proposition settled that evidence is never admitted to show that they were differently meant. *Howard* v. *Rogers*, 4 H. & J. 278 ; *Pennington* v. *Bordley*, 4 H. & J. 450 ; *Wesley* v. *Thomas*, 6 H. & J. 24 ; *Anderson* v. *Ames & Day*, 6 Md. 52 ; *Jones* v. *Syer*, 52 Md. 216. If it were a matter of proof, it is submitted that it could be easily shown that there is no legal term so widely known, and so entirely understood by the laity as this very phrase " fee-simple." The lower Court goes on to say, " but at all events, it (this phrase) cannot be held to enlarge the interest conveyed by the deed when the grant

is confined, by its own terms, to the right, title or interest of the grantors and each of them." It is respectfully submitted that the very term rejected by the Court, is itself contained in the granting clause, being at the end of the *cum appertinentibus* section of the granting clause itself. *Payton* v. *Ayres*, 2 Md. Ch. 64; *Zittle* v. *Weller*, 63 Md. 169; *Budd* v. *Brooke*, 3 Gill, 198.

But, even assuming that the phrase " in fee-simple " is not a part of the granting clause, it is difficult to see how it can be ineffectual. It is suggested, with all submission, that the lower Court had in view a line of cases with regard to the effect of the *habendum*, or other subsequent clause of a deed, upon the estate contained in the granting clause; a rule which is sometimes loosely stated by saying that where there is a conflict between the granting clause and the *habendum*, or other subsequent part of the deed, the granting clause governs, and the subsequent clause is rejected. The true rule governing such a case will be found in *Challis on Real Property*, page 333. " The *habendum* may enlarge an estate expressly contained in the premises and capable of taking effect, but may not abridge or make void any such estate." And so it will be found that the Maryland cases come within this rule. *Budd* v. *Brooke*, 3 Gill, 198; *Farquharson* v. *Eichelberger*, 15 Md. 63; *Winter* v. *Gorsuch*, 51 Md. 180; *Hammond's Lessee* v. *Brice*, 1 H. & McH. 322.

3. Nor can the lower Court's suggestion that the reference to the deed containing the power is not germane to the question at issue, be maintained. Such a reference is indeed equivalent to the embodiment of a deed referred to in the instrument itself. *Phelps & Stewart's Lessee* v. *Phelps*, 17 Md. 134; *Hoffas* v. *Mann*, 74 Md. 400; *Evans* v. *Brady*, 79 Md. 142.

4. The Court below also ignores, in its opinion, the effect of section 11, of Article 21, of the Code of Public General Laws, which provides that every conveyance of real estate " shall be construed to pass a fee-simple estate, unless a

contrary intention shall appear by express terms, or be necessarily implied therein." This provision of the Code has been construed by the Court of Appeals in *Hawkins* v. *Chapman*, 36 Md. 83.

5. The Court's opinion also leaves out of view the established principle that, if there is any doubt in the construction of a deed, it is to be taken most favorably for the grantee. *Howard* v. *Rogers*, 4 H. & J. 278 ; *Carroll's Lessee* v. *Granite Co.*, 11 Md. 399 ; *Stockett* v. *Goodman*, 47 Md. 54. This principle is nowhere better stated than in *Elphinstone on the Construction of Deeds*, 217, rule 66 : " If both the premises and the *habendum* contain different express limitations of the estate, the limitation in the *habendum*, will, if possible, be construed as explanatory of that in the premises ; but, if the limitations are repugnant, they will be construed in the manner most beneficial to the grantee." It is therefore most respectfully submitted :. (1). That the deed of March 13, 1876, was a good execution of the power contained in the deed of March 5, 1860. (2). That, by virtue of such execution of the power, there became vested in James S. Ridgely and wife a fee-simple title to the lands in question, subject only to the effect of the provisos contained in the deed of March 13, and that, accordingly, the decree of the Court below should be reversed.

*John G. Rogers*, for the appellee.

It is plain that from the deed of 5th March, 1860, Samuel and Ann Eliza Ridgely had further interests in this property from which they might realize by an exercise of the power reserved in said deed of March 5th, 1860, so that on the 13th of March, 1876, she had an equitable alienable interest, and by a contingent equitable interest and the right to dispose of said property absolutely upon the proper exercise of the power reserved in deed of March 5th, 1860. In this state of case, then, what is the inquiry ? Could they dispose of the property in question without re-

ferring to the power? They might if the deed would be inoperative without it. 18 Md. 297. But this deed would not be inoperative without a reference to the power, because there was another interest upon which the deed could operate, viz., the equitable life estate of Ann Eliza and the contingent equitable life estate of Samuel Ridgely. What is the rule where there is more than one interest which the grantee may convey? 2 *Perry on Trusts,* 511 *c,* 4 Kent, 335–6. The great object of enquiry is the intention. 49 Md. 497. It is equally clear as to how this intention is to be manifested. "If a donee of a power to sell land have also an interest in his own right in the same land, his deed of the land, making no reference to the power, will convey only his own interest, for there is a subject-matter for the deed to operate upon, excluding the power." *Farwell on Powers,* 192; 2 *Perry on Trusts,* sec. 511 *c*; 4 *Kent,* 344–5 marg. 4 edition; 2 *Story Eq. Jur.* 1062 *a,* and note 5; 71 *Md.* 30, 49 *Md.* 508, 4 *Kent Com.* 335–6. There are also strong internal evidence that Samuel and Ann E. Ridgely only intended to convey their equitable life interests, viz.: *All the right, title or interests, either jointly or severally.* If the grantees should fail in rendering the consideration, the said property shall revert back to them, the grantors, or *either* of them, that they may have a maintenance and support. How could the property revert back to them, or either of them, if the power was executed? Would they not only forfeit the possession during the lives of the grantors? Was the joining of the heir-at-law of the trustee necessary for the proper execution of the power? There being no reference to the power, and the deed not being inoperative without it, as there are other interests of the grantors which it might convey, it follows that the Court cannot hold the deed of March 13, 1876, to be an execution of the power to convey the fee contained in the deed of March 5, 1860. If there be any legal interest in which the deed can attach, it will not execute the power. 4 *Kent,* 13 ed., 335–6; 2 *Farwell,* 192; 2 *Perry on Trusts,* sec. 511 *c*; 35 *Md.* 174.

ROBERTS, J., delivered the opinion of the Court.

On February 28th, 1895, the appellees instituted this suit for the purpose of obtaining a construction of certain provisions contained in the deed from Samuel Ridgely, Jr., and Ann Eliza, his wife, to John Robb, which is dated the 5th of March, 1860. The particular question which this appeal presents, and which we are to determine is, as to the effect of the power of sale contained in the aforementioned deed, and whether the same has been effectively and validly executed by the execution by the donees of the power of the deed of March 13th, 1876, from Samuel Ridgely, Ann E. Ridgely and James B. Robb to James S. Ridgely. The question was presented to the lower Court for its decision under the provisions of Art. 16, sec. 183 of the Code. The consideration upon, and purpose for, which the deed of the 5th of March, 1860, was executed, are as follows : " Whereas in the purchase of the property hereinafter first described as conveyed to the said Samuel Ridgely, Jr., by William Russell, a large portion of the purchase money, to-wit, nineteen hundred and sixty dollars, was contributed and furnished by John Robb, above-named, for and on account of his daughter, the said Ann Eliza Ridgely. And whereas the said Samuel Ridgely, Junior, being perfectly solvent in his circumstances, having abundant means to pay all his debts and liabilities without recourse to the said hereinafter described property, and being fully able to make this deed without prejudice to the claims of his subsisting creditors, has, in consideration of the above advance and payment by the said John Robb, and of the natural love and affection he has for his said wife, and hereinafter named children, determined to settle and convey the said property. In trust for their use and benefit in the manner hereinafter expressed." The deed then grants to the above-named John Robb the land described in the deed in trust, " that the said Ann Eliza Ridgely, during the term of her natural life, be permitted and suffered to have, hold, use, occupy, possess and enjoy the said described land and premises, and the rents, issues,

income and profits thereof, to receive, take and apply to her own use and benefit, without the said property or the rents, income or produce thereof being in any manner subject to the let, power, control or disposal (except as hereinafter mentioned), of her present or any future husband, or in anywise liable or bound for or by his debts, contracts or engagements ; and so that the receipts alone of the said Ann Eliza Ridgely during her lifetime shall be good and effectual acquittances and discharges for such rents, issues and profits, and immediately from and after the death of the said Ann Eliza Ridgely, then, if the said Samuel Ridgely, Junior, be living, in trust to suffer and permit him, during the remainder of his natural life to hold, possess and enjoy the said trust property, and to receive and take the rents, issues, income and produce thereof to his own use and benefit. And from and after the death of both the said Ann Eliza Ridgely and Samuel Ridgely, Junior, then in trust for the proper use, benefit and behoof of Georgeanna Ridgely and Laura V. Ridgely, the two children of the said Samuel Ridgely, Junior, and Ann Eliza Ridgely, in equal proportions as tenants in common, share and share alike, and to their heirs and assigns," free of the control, &c., of their respective husbands, as provided in reference to the life estate of Ann Eliza Ridgely.

The power to sell the property so conveyed is then·given in language following : " Provided, nevertheless, and it is declared that these presents are made upon the further trust that it shall be lawful for the said Samuel Ridgely, Junior, and Ann Eliza, his wife, during their joint lives, and for the said Samuel alone, in case he survives her, to sell the hereby granted and conveyed property and premises, and any part or parts thereof, for such price as they, during their joint lives, and he, in case he survive his said wife, may think proper ; and upon receipt of the purchase money for the property so sold, full power and authority is hereby expressly reserved to the said Samuel and Ann Eliza during their joint lives, and to the said Samuel, if he shall be the survivor, to ex-

ecute and deliver in due form of law all deeds and other instruments of writing necessary and proper for granting and conveying to the purchaser or purchasers a good and sufficient title to the property so sold, freed, cleared and discharged from the trusts hereby created, and from all claims and demands whatsoever of the parties hereto, and those claiming from or under them, or any of them."

On the 13th of March, 1876, Samuel Ridgely and his wife, Ann Eliza, executed the deed of that date, already referred to, and James B. Robb, the common law heir of John Robb, the trustee in the deed of the 5th of March, 1860, united with them in the execution of the deed. The deed recites "that on the following considerations, provisions and reservations hereinafter mentioned, we, the said Samuel Ridgely, Ann E. Ridgely and James B. Robb, first, in consideration of one dollar, do grant, bargain and sell unto the said James S. Ridgely and his said wife, the receipt thereof we hereby acknowledge, all the right, title or interest we may have, either jointly or severally, in all those pieces or parcels of the tract of land called 'Hayfields,' situated and lying in said county and State aforesaid, that is contained within the following metes and bounds, courses and distances, to-wit:" Then follows a particular and full description of the land by metes and bounds, &c. The deed then proceeds as follows : " Together with all and singular the buildings, improvements, ways, water, watercourses, rights, privileges, advantages, appurtenances, in anywise belonging or appertaining thereto, in *fee-simple.* Provided, nevertheless, that the said James S. Ridgely and wife shall board and maintain the said Samuel Ridgely and Ann E. Ridgely, respectively, during their natural lives, and have them decently buried, and defray the expenses of their burial, &c., with the following reservation, to-wit : The use of and proceeds of the said saw-mill, together with the use of the water and water-rights belonging thereto, with the right of egress and ingress to the use of the customers hauling to and from the said mill during their life-

time respectively. Provided, nevertheless, that if the said James S. Ridgely and wife shall fail to board and support the said Samuel Ridgely and Ann E. Ridgeley, his wife, as heretofore stated, the said property shall revert back to them, or either of them, during their lifetime, in order that they may have a maintenance and support therefrom, the within described property being bound for their and each of their support and maintenance. The same being the property passed by deed of trust to John Robb and heirs by the said Samuel Ridgely and wife, and recorded," etc. (this being the deed containing the power to sell), "and being also the same deeded by Samuel N. Ridgely, Sr., to Samuel Ridgely, Jr., and recorded," &c.

The portions of the deeds in question which have a bearing on the inquiry here have now been fully recited, and from them it appears that the *full fee-simple interest* in the land dealt with by them was in Samuel Ridgely, Jr., and that he (his wife uniting with him) executed for a meritoriòus consideration the deed of the 5th March, 1860, which conveyed the property to the trustee therein named, and created an equitable life estate in his wife, Ann Eliza, and an equitable life estate in himself, contingent upon his surviving his said wife, with a limitation over of the reversion to his two daughters named in the deed. As heretofore stated, the only questions arising on this appeal are : 1st. What is the effect of the power of sale contained in the deed of March 5th, 1860 ; and 2d. Has this power been fully and effectually exercised by the execution of the deed of the 13th of March, 1876, by the donees.

The opinion filed by the learned Judge who sat at the hearing in the Court below disposes of the questions raised by this appeal in a very satisfactory manner, and his conclusions are entirely in accord with the views which we entertain. The opinion says : " It is important to note that the equitable life estates of Ann Eliza and Samuel Ridgely, Jr., thus created, were alienable interests. *Miller et al.* v. *Williamson et al.*, 5 Md. 219 (see page 237) ; *Cooke* v. *Hus-*

*bands et al.,* 11 Md. 492 ; *Thompson* v. *Ballard et al.,* 70
Md. 10 ; and it may be useful to note here also that a party
taking under the execution of the power contained in the
deed of the 5th of March, 1860, would take under the
grantor in that deed by authority of the power just as if
the grant of the property conveyed by the deed had been
made therein.   4 *Kent,* 337–8 (marg.)   At the time of the
execution of the deed of the 13th of March, 1876, by
Samuel and Ann Eliza Ridgely, they had alienable interests
in the property granted, and they had also a power to sell
the property freed, cleared and discharged from the trusts,
and of course of all interests created by the last-mentioned
deed—that is to say, the mere exercise of the power would
not convey these interests, but would overreach and destroy
them as effectually as if they never had existed.   In this
state of case then what is the inquiry ?   In the case of
*Benesch* v. *Clark et al.,* 49 Md. 497, the Court of Appeals,
quoting and adopting the language of *Kent,* 507–8, say :
' In construing the instrument in cases where the party has
a power, and also an interest, the intention is the great ob-
ject of inquiry,' and to the same effect are all the authori-
ties.   It is equally clear as to how this intention is to be
manifested.   In *Farwell on Powers,* 192, it is laid down as
a rule in this regard that ' there must be a clear intention
that the property should pass, *i. e.,* an intention to do an
act which can only be·done by the execution of the power..'
In regard to the same rule of construction, it is stated in 2
*Perry on Trusts,* sec. 511 *c* :   ' If the donee of a power to
sell land have also an interest in his own right in the same
land, his deed of the land making no reference to the power,
will convey only his own interest, for there is a subject-
matter for the deed to operate upon, excluding the power,
and therefore, as it does not conclusively appear that the
deed was intended to be an execution of the power, as well
as a conveyance of the grantor's interest in the land, it will
be held not to be an execution of the power,' and the rule
is stated in the same clear. and unqualified manner in

4th *Kent*, 344–5 (marg.) ; see also 2 *Sto. Eq. Jur.* 1062 *a*, and note 5 to that section.   It seems to result from these authorities that where the grantor has an alienable interest in land, and at the same time a power to sell the land, a conveyance of the land by him without expressly or by some necessary implication making it appear that the conveyance is made in execution of the power, it will be held as matter of legal construction that the intention is to pass his interest only ; and that where the grantor has no interest which his deed can pass, but only a power to sell land, his conveyance of the land without reference to the power, is construed an execution of the power only, because ' the deed would be insensible, and a mere absurdity, unless it executed the power.'

 " Now, applying this rule of construction to the deed of the 13th of March, 1876, which we are here construing, the deed cannot be taken as an execution of the power to sell involved in this inquiry, for it does not express that it is made in execution of the power at all ; and, as we have seen, the grantors had alienable interests in the land upon which the deed could take effect.   Nor is this all ; for the deed affords evidence in itself of an intention to pass the interests of the grantors only.   It grants ' all the right, title or interest,' which the grantors may have, ' either jointly or severally,' in the land described in the deed, by metes and bounds, &c. ; and here it is to be noted that Ann Eliza Ridgely had no right or title to this land nor any interest in it, beyond the possibilty of dower, prior to the deed of March 5th, 1860, and while the terms employed in this deed to describe the subject of the grant are not those usually and ordinarily employed in granting such an interest in land as would pass under an execution of the power here in question, are not apt terms for such a grant, they are apt and appropriate terms for granting the alienable life interests, of which the grantors were possessed, and for granting the only right or title that Ann Eliza Ridgely possessed, to-wit, that which was conveyed to her by the deed which raised

the power. Again, the deed provides that in case the grantees shall fail in rendering the consideration for which it was executed, ' the said property shall revert back to them (the grantors), or either of them, during their lifetime, in order that they may have a support and maintenance therefrom, the property being bound for their and each of their support and maintenance.' Now, if by the deed in question the power under consideration was executed, then, if immediately upon the execution and delivery of the deed the grantees had failed or refused to render the consideration, they would still have had in them the fee-simple title, merely forfeiting the possession of the land during the lifetime of the grantors. A construction which would give such an effect to the deed would be most unreasonable ; whereas the provision for forfeiture by the grantors just quoted would be a most reasonable and prudent one, upon the assumption that only the life interests of grantors were to pass, and that, what seems upon taking the deed as a whole to have been its scheme and intent, it was an arrangement for the support and maintenance of the grantors during their respective lives, and for that purpose to give to the grantees the effective title and possession of the land during the lives of the grantors only. The joinder of the heir of the trustee affords another evidence that the deed was executed without reference to the power in question, since by the terms of the power the joinder of the trustee was altogether unnecessary and inappropriate, for its exercise by Samuel Ridgely and wife, upon whom alone it was conferred, would have of itself defeated the estate of the trustee, and all interests under the deed which created his title, and put an end to the trust ; if it was intended to pass only the life interests of the grantors, the joinder of the trustee would seem to have been appropriate. *Lemen* v. *McComas et al.*, 63 Md. 153.

" The use of the term ' fee-simple ' in the deed of the 13th of March, 1876, cannot control its construction. The deed was inartificially drawn and the term was probably used unadvisedly and without reference to its technical significance,

but at all events it cannot be held to enlarge the interest conveyed by the deed when the grant is confined by its own terms to the ' right, title or interest ' of the grantors and each of them. Nor is the reference contained in this deed to the deed creating the power in question of any significance as to the question here. It is evidently referred to just as a preceding deed in the chain of title to the land is also referred to, simply as identifying the property to which ' the right, title or interest ' of the grantors attached. Again, the rule of construction by which the intention to execute a power is to be ascertained, according to all the authorities, and which the Court of Appeals in the case of *Mory, Extr.*, v. *Michael*, 18 Md. 227, has adopted and said was ' explicit and exhaustive,' is that the intention must appear by reference to the power, or to the subject of it, or from the fact that the will or instrument of execution would be inoperative, except as an execution of the power. In the deed here being construed, there is no reference to the power in question ; the deed, as we have seen, is not inoperative unless as an execution of the power, since it can have effect as passing the life interests of the grantors ; and it does not refer to nor deal with the subject of the power, since, as we have seen, from the authorities already cited, the subject of the grant in the deed is by legal construction, these life interests of the grantors. For the reasons stated, the deed of the 13th of March, 1876, must be held not to be a valid execution of the power contained in the deed of the 5th March, 1860."

In conclusion, it may be proper to observe here that the construction given by the Court below to the words *fee-simple* in the connection in which they are used in the deed, is undoubtedly correct. In the case of *Handy et al.* v. *McKim et al.*, 64 Md. 568, JUDGE ALVEY delivering the opinion of the Court, says : " In expounding deeds no principle is more familiar or better established than that the *intention* of the parties shall prevail, if not repugnant to some principle or maxim of the law ; and that the intention is to be gath-

ered by considering the whole deed, and each and every part thereof. As was declared by the Court of Appeals, in *Budd v. Brooke*, 3 Gill, 234. 'In construing a grant, it is the duty of the Court, first to ascertain what the parties intended should be effected by it, and that intention being collected from an inspection of the grant itself, it is the duty of the Court to give to it such an interpretation as will effectuate that intention, provided the terms and expressions used in the grant will admit of such a construction.'" The deed now under consideration presents forcible application of the rule just stated. Any other or different construction would be entirely inconsistent and unsatisfactory, and give to the deed a most unreasonable interpretation.

It is also contended that " if there is any doubt in the construction of a deed, it is to be taken most favorably to the grantee." This, however, is not a rule of universal application, for the authorities say, that it is to be resorted to and relied only when all other rules of exposition fail to reach, with reasonable certainty, the *intention* of the parties. " Being a rule of strictness and vigor," BACON says in his " *Maxims of the Law*," rule 3, "it does its office, but in the *absence* of other rules, which are of more equity and humanity." *Bacon's Law Tracts*, p. 46 ; *Pike* v. *Munroe*, 36 Maine, 314.

For the reasons assigned by the Court below, and fully concurred in by this Court, the decree will be affirmed.

*Decree affirmed with costs.*

(Decided March 25th, 1896).