## CHARLES CARROLL MARDEN *vs.* THEODORE LEIMBACH AND WIFE.

*Deeds; construction; intention; conflict between granting and habendum clauses; life estate with power to dispose of reversion.*

Where there is a conflict between the granting and the *habendum* clauses the former will prevail. But there is no such conflict, unless the *habendum* divests the estate granted and substitutes another.    p. 209

Where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate.    p. 210

Where the property is given expressly for life and a power of disposition of the reversion is annexed, the first taker has but an estate for life with the superadded power.    p. 210

Where there is an inconsistency in a deed between the powers and trusts created, the former or earlier expressions in the deed must control.    p. 210

In the construction of deeds the intention of the parties, to be ascertained from the whole contents of the instrument, must prevail, unless it violates some principal of law.    p. 210

Where T. L. being seized of a fee simple title to land conveyed it to a third party for a nominal consideration, and had it immediately reconveyed to himself, T. L., "for and during his natural life, and after his death to W. E. L. and G. S., trustees as thereinafter mentioned * * * to have and to hold * * * unto and to the proper use and benefit of the said T. L. for and during his natural life and no longer, reserving, however, unto the said T. L. the right during his life to sell, grant and convey, etc., any part thereof absolutely" * * * the deed invests T. L. with a life estate and creates a trust as to the

remainder subject to his power, expressly reserved, of dispos-
ing of the property in his lifetime; and T. L., by a proper
deed, could convey the fee simple to the property, and a
proper contract to that effect is one whose performance should
be specifically enforced.                            p. 211

*Decided February 23rd, 1911.*

Appeal from the Circuit Court for Anne Arundel County
(BRASHEARS, J.)

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, THOMAS, PATTISON, and URNER, JJ.

*Andrew A. Savin* submitted a brief, for the appellant.

*Albert C. Donaldson* (with whom was *E. J. Revell,* on the
brief), for the appellees.

URNER, J., delivered the opinion of the Court.

In this suit for the specific performance of an agreement
for the sale of land the appellant, who was the purchaser,
objects to the title offered upon the ground that it is not good
and marketable.   It appears from the record that the prop-
erty contracted to be sold is a lot of ground containing six
acres situated on the Severn river and known as "Cypress
Point".   This was originally part of a larger tract devised,
under the designation of "Piney Grove Farm", to Charles J.
Stewart by the will of his mother, Virginia Levier, probated
in 1885, and conveyed by the devisee to Theodore Leimbach,
the vendor and appellee in this case, and to Juliane Leim-
bach, his wife, as tenants by entireties.   On December 17,
1902, the grantees just named joined in a deed of the prop-
erty to William Harrison in trust for the benefit of Theo-
dore Leimbach for life with power to the life tenant "to sell,
grant, convey, assign and dispose of said ground and prem-
ises absolutely," and with remainder as to the property not

disposed of under the power to such person as the beneficiary
for life might appoint by will, or, in default of such appoint-
ment, to such person as would be entitled to his lands under
the laws of this State. Juliane Leimbach died about Febru-
ary 1st, 1907, and her surviving husband on March 20th fol-
lowing exercised the power of disposition reserved in the
last-mentioned deed, by conveying all of the land it embraced
to Mary K. McCormick, an unmarried woman, in fee sim-
ple. The deed by which this conveyance was accomplished
expressed a consideration of five dollars and referred spe-
cifically to the power under which it was executed. The
grantee immediately, by a deed of the same date and reciting
the same nominal consideration, reconveyed the property to
"Theodore Leimbach for and during his natural life and
after his death unto William E. Leimbach and George Leim-
bach, trustees as hereinafter mentioned," * * * "To have and
to hold" * * * "unto and to the proper use and benefit of the
said Theodore Leimbach, for and during his natural life and
no longer, reserving, however, unto the said Theodore Leim-
bach the right during his life to sell, grant, convey, assign
and dispose of the said ground and premises or any part
thereof absolutely * * * and from and immediately after the
decease of the said Leimbach, then unto William E. Leim-
bach and George Leimbach, trustees, who shall so soon after
the decease of the said Leimbach as may be practicable sell"
the land conveyed and distribute the proceeds among the chil-
dren of the life tenant in the manner prescribed in the deed.

On August 14, 1909, Theodore Leimbach, by a deed in
which his second wife, Catharine, joined and which made
no reference to the power reserved in the last-mentioned deed,
conveyed the real estate it described to John Aul absolutely
for a recited consideration of five dollars, and received from
him an immediate reconveyance in fee simple upon the same
expressed consideration. Subsequently, Mr. Leimbach entered
into the contract of sale which is sought to be enforced in
this suit.

There are two objections raised by the appellant against the title. The first is that in the deed from Mary K. McCormick to the appellee the granting clause created only a life estate in his favor, with remainder to the trustees named, and that this is in conflict with, and must prevail over the *habendum clause,* which, by conferring an absolute power of disposition upon the life tenant, would, if operative, have the effect of enlarging his interest to a fee simple estate. The second objection is that if the appellee is regarded as having acquired under the McCormick deed a life estate coupled with the power to dispose of the property absolutely in his lifetime, then his deed to Aul and the simultaneous reconveyance to himself were not sufficient to invest him with a fee simple title because these transfers made no reference to the power which they are claimed to have exercised.

The latter objection would have to be held untenable upon the principle applied in *Farlow* v. *Farlow,* 83 Md. 118, and *Ridgely* v. *Cross,* 83 Md. 161, it being apparent from the conveyance of the property *"absolutely"* that the *power* was intended to be exercised, and that except for such exercise the deed would be inoperative to effect its expressed purpose. It is unnecessary, however, to discuss this point because of the fact, as shown by the record, that the appellant was tendered a deed in due form, executed by the appellee and his wife, referring particularly to the powers of disposition conferred upon the appellee in both the Harrison and McCormick conveyances. Any possible objection as to the execution of the power is thus removed.

The other criticism of the title proceeds upon the theory that the power of disposition must be considered a part of the *habendum* clause in the McCormick deed, and that it enlarges the life interest granted in the premises of the deed to a fee simple estate. It is, of course, elementary that where there is a conflict between the granting and *habendum* clauses, the former will prevail. *Link* v. *McNabb,* 111 Md. 641; *Pritchett* v. *Jackson,* 103 Md. 698; *Marshall* v. *Safe Deposit Company,* 101 Md. 13; *Winter* v. *Gorsuch,* 51 Md. 180; *Zittle* v.

*Weller,* 63 Md. 190; *Hopper* v. *Smyser,* 90 Md. 384. A familiar illustration of such a repugnancy is where the granting clause is in fee and the *habendum* is only for life. *Winter* v. *Gorsuch, supra.* But there is no such conflict unless the *habendum* divests the estate granted and substitutes another. *Hopper* v. *Smyser, supra.*

In the deed under consideration there is no inconsistency between the clauses in question as to the estate intended to be conveyed to the appellee. Each distinctly defines it to be an estate for *life.* The power of disposition annexed to it by the later provision does not enlarge it to a fee. It is "a well settled doctrine of law, sustained by all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate," but "where the property is given expressly for life and a power of disposition of the reversion is annexed, the rule is different, and the first taker has but an estate for life with the superadded power." *Welsh* v. *Gist,* 101 Md. 608; *Benesch* v. *Clark,* 49 Md. 497; *Roberts* v. *Roberts,* 102 Md. 147.

So far as the remainder in trust is concerned, it is granted in the premises of the deed to "trustees as hereinafter mentioned," and the separate clause defining the trust intended to be created is subsequent and subordinate to the provision vesting in the life tenant a power of disposition. To the extent of any inconsistency between the power and the trust, the former, as the earlier expression in the deed, must control. *Zittle* v. *Weller; Winter* v. *Gorsuch, supra.*

It is a cardinal rule in the construction of deeds that "the intention of the parties, to be ascertained from the whole contents of the instrument, must prevail unless it violates some principle of law." *Link* v. *McNabb, supra; Second Universalist Society* v. *Dugan,* 65 Md. 471; *Zittle* v. *Weller; Ridgely* v. *Cross, supra.*

In the present case it is perfectly clear that the purpose of the deeds of March 20th, 1907, by which the appellee, being seized of a fee simple title to the land, conveyed it to a third party for a nominal consideration and had it immediately

reconveyed to himself upon the terms indicated, was to invest himself with a life estate and to create a trust as to the remainder subject to his power, expressly reserved, to dispose of the property in his lifetime. It is the duty of the Court to gratify this manifest intention as we find no rule of law to which it is opposed.

Our conclusion, therefore, is that the title involved in this suit is free from the objections urged against its validity; and the decree of the Court below requiring the specific performance of the agreement of sale will be accordingly affirmed.

*Decree affirmed, with costs.*